IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 |
| | ) | |
| FELICIA MONIQUE LUCAS, | ) | CASE NO. 17-68175-jrs |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ATLANTIC PROPERTY MANAGEMENT'S OBJECTION TO THE EXTENSION OF THE AUTOMATIC STAY AS TO ATLANTIC PROPERTY MANAGEMENT**

COMES NOW, ATLANTIC PROPERTY MANAGEMENT (hereinafter, "Atlantic"), a creditor and party in interest in the above-captioned case, by and through its undersigned counsel, and, pursuant to 11 U.S.C. § 362(d), objects to the extension of the automatic stay as to Atlantic Property Management (hereinafter, the "Objection"), respectfully showing this honorable Court as follows:

1.

Atlantic is a creditor of the Debtor herein, Felicia Monique Lucas (hereinafter, "Ms. Lucas," or, alternatively, "Debtor") (Debtor and Movant may hereinafter collectively be referred to as the "Parties") by virtue of a residential lease agreement dated January 8, 2016 (hereinafter, the "Lease") regarding the property commonly known as 871 Langston Trace, Stone Mountain, Georgia 30083 (hereinafter, the "Property"). A true and correct copy of the Lease is attached hereto as **Exhibit "A"** and incorporated herein by reference.

2.

Pursuant to the terms of the Lease, Debtor was obligated to make regular monthly rent payments to Atlantic in the amount of $1,150.00 per month (hereinafter, the "Rent") beginning February 1, 2016.

3.

As shown on the payment history report (hereinafter, the "Transaction History") attached hereto as **Exhibit "B,"** and incorporated herein by reference, Debtor has failed to comply with her obligation to pay the Rent due under the Lease.

4.

Debtor defaulted under the terms of the Lease by failing to pay the Rent as it came due.

5.

On August 11, 2017, Atlantic sent Debtor a Notice to Cure or Demand for Possession (hereinafter, the "Demand") demanding either $4,011.00 for rent and associated fees owed for June 2017, July 2017, and August 2017, or possession of the Property within three days of the date of the letter.

6.

Debtor failed to cure the default or deliver possession of the Property following such Demand.

7.

On August 24, 2017, Atlantic initiated a Dispossessory Action, Case No. 2017D21150 (hereinafter, the "Dispossessory") by filing a dispossessory warrant (hereinafter, the "Warrant") in the Magistrate Court of DeKalb County.

8.

Following service of the Warrant upon Debtor, Debtor filed an Answer stating she had been unable to pay the rent due to medical and personal issues.

9.

Debtor failed to appear for the trial in the Dispossessory on September 18, 2017, and the Magistrate Court issued an Order and Judgment ordering a Writ of Possession be issued on September 18, 2017 (hereinafter, the "Writ").

10.

Approximately one month later, on October 17, 2017, Debtor filed the instant Voluntary Petition seeking relief under Chapter 13 of the Bankruptcy Code (hereinafter, the "Petition").

11.

Because the Lease was terminated effective September 18, 2017 by the issuance of the Order and Judgment in the Dispossessory, Debtor became a tenant holding over as of that date, and her leasehold interest was reduced to an estate at sufferance, such that Debtor no longer retained an executory interest in the Property.

12.

On September 19, 2017, Atlantic requested issuance of the Writ that was to have been issued pursuant to the Order and Judgment entered on September 18, 2017.

13.

Furthermore, even in the event the court finds Debtor retained an executory interest in the Property on the date the Petition was filed, Debtor has failed to perform under the terms of her proposed Plan, and the Plan cannot be confirmed.

14.

Pursuant to Paragraph 8 of Debtor's Chapter 13 Plan (hereinafter, the "Plan"), Debtor proposes to pay her ongoing monthly Rent obligation of $1,150.00 directly to Atlantic. Because the Petition was filed on October 17, 2017, Debtor would have been required to remit ongoing

monthly Rent to Atlantic beginning November 1, 2017.

15.

Debtor is in default under the terms of his proposed Plan, as she has failed to remit any proposed post-petition payments to Atlantic.

16.

Debtor's failure to remit the post-petition Rent payment due November 1, 2017 is further evidence of Debtor's lack of financial ability to perform under the terms of the Lease and/or her Chapter 13 Plan.

17.

Based on the issuance of the Order and Judgment terminating the Lease and granting Atlantic a right of possession to the Property as of September 18, 2017, Debtor is not entitled to an extension of the Automatic Stay as to Atlantic.

18.

Alternatively, if the court finds the Lease was not terminated as of the date of the Order and Judgment, because Debtor has not made the contractual payments to Atlantic in accordance with the terms of the Lease, and because of Debtor's clear inability to make all the required payments, Atlantic's interest in the Property is not adequately protected and there is cause for relief from the automatic stay.

19.

Additionally, Debtor's Plan fails to provide adequate assurance that Debtor's monetary default under the Lease shall be promptly cured, as required by 11 U.S.C. §365, et. seq.

20.

Pursuant to 11 U.S.C. § 362(d), Atlantic is entitled to confirmation that the automatic stay is not extended as to Atlantic with respect to the Property or, alternatively, to a termination of the automatic stay with respect to Atlantic and the Property, because a lack of adequate protection exists.

21.

Because the Lease so provides, the Debtor is responsible for Atlantic's fees and expenses related to Debtor's default under the terms of the Lease.

22.

Atlantic requests that the provisions of Bankruptcy Rule 4001(a)(3) be waived and/or modified so as to allow Movant to proceed immediately with obtaining a Writ of Possession from the DeKalb County Magistrate Court in Dispossessory Action Number 2017D21150.

WHEREFORE, Atlantic Property Management prays for the following relief:

(a) That this Court DENY Debtor's Motion to Extend Automatic Stay as to Atlantic;

(b) That this Court enter an order confirming that the automatic stay does not apply to Atlantic, such that Atlantic is authorized to exercise its rights under the Order and Judgment issued on September 18, 2017 in Dispossessory Case Number 2017D21150, including, but not limited to, the right to evict Debtor from the Property;

(c) That the Court waive and/or modify Bankruptcy Rule 4001(a)(3), to the extent that it may apply, so as to allow Atlantic to proceed immediately with enforcement of the Order and Judgment issued in DeKalb County Magistrate Court Dispossessory Action Number 2017D21150; and

(d) For such other and further relief as this Court deems just and equitable.

This 20th day of November, 2017.

                                              Respectfully submitted,

                                              /s/ Kelsea L. S. Laun
                                            MONICA K. GILROY
                                            Georgia Bar No. 420527
                                            KELSEA L. S. LAUN
                                            Georgia Bar No. 141960
                                            ATTORNEY FOR ATLANTIC

GILROY BAILEY TRUMBLE LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
(678) 280-1922 (Telephone)
(678) 280-1923 (Facsimile)
Monica.Gilroy@gilroyfirm.com
Kelsea.Laun@gilroyfirm.com

# **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I have served a true and correct copy of the within and foregoing ***ATLANTIC PROPERTY MANAGEMENT'S OBJECTION TO FELICIA MONIQUE LEWIS' MOTION TO EXTEND THE STAY*** in the above-styled Chapter 13 bankruptcy case (1) via electronic notice to parties who are ECF Filers and Consenting Users, (2) via electronic notice to ECF Filers and Consenting Users who represent parties, or (3) by depositing it in the United States Mail with first-class postage attached thereto to all other interested parties not served by electronic means at their addresses shown below:

Felicia M. Lucas
871 Langston Trace
Stone Mountain, GA 30083

      Respectfully submitted this 20th day of November, 2017.

                                     GILROY BAILEY TRUMBLE LLC


                                     <u>/s/ Kelsea L. S. Laun</u>
                                     MONICA K. GILROY
                                     Georgia Bar No. 420527
                                     KELSEA L. S. LAUN
                                     Georgia Bar No. 141960
                                     **Attorney for Atlantic**

Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923
Email: Monica.Gilroy@gilroyfirm.com
        Kelsea.Laun@gilroyfirm.com